In the Matter of MERCANTILE PROPERTIES, INC., Appellant, against STATE TAX COMMISSION, Respondent.

Argued May 16, 1938; decided July 7, 1938.

*J. G. Fink, Harry N. French* and *Robert J. Farrington* for appellant. The bonds are not debenture bonds. The additional tax measured by the interest paid thereon is erroneous. (Montgomery, Financial Handbook; Gerstenberg on Principles of Business; Dewing on Corporation Finance; Grange on Corporation Law for Officers and Directors; Prentice-Hall, Corporation Service; McClelland & Fisher on Law of Corporate Mortgage Bond Issues; Stetson on Preparation of Corporate Bonds, Mortgages, Collateral Trusts and Debenture Indentures; *People ex rel. Cohn & Co.* v. *Miller*, 180 N. Y. 16; *Barton Nat. Bank* v. *Atkins*, 72 Vt. 33; *Crayton* v. *Larabee*, 220 N. Y. 493; *People* v. *City of Buffalo*, 57 Hun, 577; *Johnson* v. *Southern Pacific Co.*, 117 Fed. Rep. 462; *Aultman & Taylor Co.* v. *Syme*, 163 N. Y. 54; *Matter of Aylesworth* v. *Phœnix Cheese Co.*, 170 App. Div. 34; *Matter of Fechheimer Fishel Co.* v. *Dellevie*, 212 Fed. Rep. 357; 234 U. S. 760; *Cass* v. *Realty Securities Co.*, 148 App. Div. 96; 206 N. Y. 649; *People ex rel. Adams Elec. Light Co.* v. *Graves*, 272 N. Y. 77.)

*John J. Bennett, Jr., Attorney-General (Wendell P. Brown* of counsel), for respondent. The bonds issued by the petitioner, the interest upon which has been treated as a dividend, were debenture bonds within the meaning of that term as used in the statute. (Jones on Corporate Bonds and Mortgages, 3d ed. § 32; 3 Thompson on Corporations, 2d ed. § 2266; Dewing on Corporation Securities, p. 213; *Lorimer* v. *McGreevy*, 229 Mo. App. 970; *Waterman Trust Co.* v. *Vicars*, 28 How. 232; *American Loan & Trust Co.* v. *Northwestern Guaranty Loan Co.*, 166 Mass. 337; *Smith* v. *New Hampshire Trust Co.*, 68 N. H. 424; *Bank Comm.* v. *New Hampshire Trust Co.*, 69 N. H. 621; *Anthony* v. *Campbell*, 112 Fed. Rep. 212; *Girard Trust Co.* v. *M'Kinley-Lanning Loan & Trust Co.*, 135 Fed. Rep. 180.)

O'BRIEN, J. The State Tax Commission affirmed corporate franchise taxes assessed against petitioner,

which is a corporation engaged in the real estate business, for the years 1931, 1932 and 1933, and its determination has been confirmed by the Appellate Division. This determination is based upon the provisions of section 182 of the Tax Law (Cons. Laws, ch. 60) applicable to real estate corporations, which read, prior to its amendment by chapter 541 of the Laws of 1938, as follows: " Every such corporation, joint stock company or association taxable under this section shall be subject to and pay an additional tax at the rate of two per centum on such a portion of the amount of all *dividends* paid during the year ending December thirty-one last preceding, as its gross assets employed or situate within this state bears to its gross assets wherever employed or situate. *Interest paid on debenture bonds* and/or certificates of indebtedness * * * and/or promissory notes or other indebtedness *to stockholders, the proceeds of which are used to acquire assets, shall, for the purposes of this section, be treated as dividends and taxed accordingly.*"

In December, 1925, petitioner entered into a trust agreement with the Central Union Trust Company, in which is recited the determination of petitioner to issue in the amount of $4,250,000 bonds to be known as " Secured Sinking Fund $5\frac{1}{2}\%$ Gold Bonds." By this agreement, petitioner assigned and pledged to the trustee specific rents from designated property owned by petitioner. The proceeds of the sale of these secured sinking fund bonds were used to acquire additional real estate now held by petitioner. Some of these bonds were purchased by stockholders of petitioner and interest was paid to them. If the bonds are debenture bonds, the assessment is valid, otherwise the order must be reversed. Among authors of legal text books and writers on finance, formidable opinion exists to the effect that debenture bonds are such as are issued without specific security. (Montgomery, Financial Handbook; Gerstenberg, Principles of Business; Dewing, Corporation Finance; Grange,

Corporation Law for Officers and Directors; Prentice-Hall, Corporation Service; McClelland & Fisher, Law of Corporate Mortgage Bond Issues; Stetson, on Preparation of Corporate Bonds, Mortgages, Collateral Trusts and Debenture Indentures [Some Legal Phases of Corporate Financing, Reorganization & Regulation].) These sinking fund bonds, being secured by assignment, transfer and pledge of rents payable from designated parcels of realty, ought not to be regarded as debentures within the meaning of section 182 of the Tax Law and the impressive aggregate of opinion among lawyers and financiers.

The order of the Appellate Division should be reversed, and the determination of the State Tax Commission annulled, with costs in this court and in the Appellate Division.

LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., taking no part.

Order reversed, etc.