Abraham L. Pomerantz, of New York City, for plaintiff.

Cravath, de Gersdorff, Swaine & Wood, of New York City (Hugh A. Fulton, of New York City, of counsel), for defendants.

GALSTON, District Judge.

This action was begun in the Supreme Court of the State of New York, County of Kings, and on petition to that Court, was removed to this Court. The defendants appearing specially move to set aside the service of the summons and to dismiss the complaint and the warrant of attachment which had issued.

From the complaint it appears that the defendants are foreign corporations having their principal place of business in Germany, and are not authorized to do business in the State of New York. On or about September 1, 1926, the defendants made, executed and delivered in the City of New York a series of promissory notes known as Twenty-five Year 6½% Sinking Fund Gold Debentures, due 1951, each in the principal amount of $1,000. By the terms of the debentures they generally and severally promised to pay to the bearer at the office of Dillon, Reed & Company, as fiscal agent in the City of New York, interest on the principal sum on the first day of March and the first day of Sep-

**WEINSTEIN v. SIEMENS & HALSKE AK-TIENGESELLSCHAFT et al.**

No. 130.

District Court, E. D. New York.

Feb. 16, 1939.

tember in each year until payment of the principal.

The plaintiff is the owner and holder of 140 past due interest coupons of the aggregate amount of $4,555. The debentures with which said interest coupons were issued have not been paid and have not been called for redemption and prior to the maturity of the earliest maturing interest coupon due March 1, 1934, the defendants, so the complaint alleges, publicly announced their intention not to pay any of the coupons, and none of the plaintiff's coupons has been paid.

On December 1, 1938, copies of the summons and complaint in this action were delivered to the Corporation Trust Company of New York City as the purported agent of the defendants.

Apparently the sole basis upon which the plaintiff seeks to sustain jurisdiction is the service upon the Corporation Trust Company. The affidavit in support of the motion to set aside the service avers that neither the coupons nor the debentures to which they were attached nor the indenture pursuant to which they were issued, authorizes the Corporation Trust Company to accept service of process upon behalf of either of the defendants, except that Sec. 15 of Article VIII of the Indenture provides: "Section 15. The Companies and each of them hereby constitute and appoint The Corporation Trust Company, a New York corporation, or its successor appointed from time to time, having an office in the City of New York, their and each of their true and lawful attorney-in-fact and authorized agent, for them and each of them and in their and each of their names, places and stead, to make and accept service of all writs, processes and summons in any action, suit or proceeding brought by the American Trustee to enforce this Indenture or any rights hereunder or by any Debenture holder to enforce payment of the principal of and interest and contingent additional interest on, the Debentures, in any of the Courts of the United States of America having jurisdiction in the State of New York or in any Court of the State of New York, and upon whom all lawful writs, processes and summons in any such action, suit or proceeding may be served with the same effect as though the Companies existed in the State of New York, and hereby subject themselves and their property to the jurisdiction of any of said Courts in any

such suits, actions or proceedings. Said appointment of said The Corporation Trust Company, or its successor, shall be irrevocable so long as any of the Debentures remain outstanding."

The question presented is whether this section or any other provision of the Indenture authorizes the Corporation Trust Company to accept service of a summons in a suit brought, not by a debenture holder, but by the alleged owner of coupons only. Does that part of Section 15, "by any debenture holder to enforce payment of the principal of and contingent additional interest on, the debentures", mean that only the debenture holder may serve the Corporation Trust Company in the enforcement of payment of principal or interest?

 The term "debenture" would, of course, be the entire instrument of obligation issued by the defendants. It would in its original form, as thus delivered to the purchaser, consist of the body wherein is set forth the obligation of the defendants as to repayment of the principal sum, together with the coupons attached to said body.

Article II, Section 4, of the Indenture provides that "Every such coupon and warrant shall continue to pass by delivery merely and shall remain payable to bearer".

Article VIII of the Indenture provides that:

"Section 1. No coupon or Warrant belonging to any of the Debentures which in any way, at or after maturity, shall have been transferred or pledged separate and apart from the Debenture to which it relates shall, unless accompanied by such Debenture be entitled, in case of a default under this Indenture, to any benefit of or from this Indenture, except after the prior payment in full of the principal of the Debenture and of all coupons and of all Warrants not so transferred or pledged. * * *

"Section 8. It is expressly declared and intended that no one or more holders of Debentures or coupons or Warrants shall have any right in any manner whatever to enforce any right hereunder except in the manner herein provided. * * *

"Section 9. No remedy herein conferred upon or reserved to the Trustees, or to the holders of Debentures or coupons or Warrants is intended to be exclusive

of any other remedy, but each and every such remedy shall be cumulative and in addition to every other remedy given hereunder or now or hereafter available at law whether in the United States of America, Germany or elsewhere."

I think it appears from the foregoing sections that the Indenture distinguishes between the holders of debentures and the holders of coupons or warrants. Whether there was or was not in the minds of the parties a good ground for creating that distinction cannot concern us, however harsh it may seem for a holder of defaulted coupons to be helpless in respect to personal service on the defendants or any properly designated agent. That is among the hazards involved in dealings with foreign corporations, to say nothing of the inelasticity of a formal agreement such as an indenture.

The term "debenture" is broad enough to include the negotiable coupons that were attached to it; the term "coupon", conversely, cannot be deemed to be an indenture. Separated they represent wholly independent obligations. Evertson v. National Bank, 66 N.Y. 14, 23 Am.Rep. 9; Bailey v. County of Buchanan, 115 N.Y. 297, 22 N.E. 155, 6 L.R.A. 562; Williamsburgh Savings Bank v. Solon, 136 N.Y. 465, 32 N.E. 1058.

The precise question on this motion was considered in Martin Beth v. Siemens & Halske, A. G. and Siemens-Schuckertwerke, A. G.,[1] and Mr. Justice Steuer granted the motion to dismiss the complaint.

This motion is granted in all respects. Settle order on notice.

---

[1] No opinion for publication.