**BELDEN MFG. CO. v. JARECKI, Collector of Internal Revenue.**

**No. 50 C 521.**

United States District Court
N. D. Illinois, E. D.

Jan. 9, 1951.

540

Hopkins, Sutter, Halls, DeWolfe & Owen, Chicago, Ill., for plaintiff.

Otto Kerner, Jr., and John Looby, Jr., Chicago, Ill., for defendant.

IGOE, District Judge.

## Findings of Fact

1. Plaintiff is now and at all times hereafter mentioned a corporation duly organized under and by virtue of the laws of the State of Illinois with its registered office and principal place of business in the County of Cook, State of Illinois, within the First Collection District of Illinois and within the Northern Judicial District, Eastern Division of the State of Illinois.

2. John T. Jarecki, defendant, is now Collector of Internal Revenue for the United States of America for the First Collection District of Illinois and has been Collector at all times hereinafter mentioned. Defendant now is and long has been a resident of the First Collection District of Illinois within the Northern Judicial District, Eastern Division, of the State of Illinois.

3. Plaintiff is the sole owner of the claim herein presented and has made no assignment of said claim or any part thereof. No other suit or process by plaintiff or any assignee of plaintiff is pending against any other person or against defendant, for or in respect of plaintiff's claim.

4. Plaintiff manufactures insulated wires and cables for the appliance and automobile industries and for use in motors and generators. Copper is the most important raw material used by plaintiff. Copper became scarce in 1948, and plaintiff determined that it should protect its inventory of copper by buying for future needs. Plaintiff had banked at The First National Bank of Chicago since 1929, and had borrowed money from the Bank from time to time and had maintained deposit accounts with this Bank. Therefore on November 2, 1948 the plaintiff's Board of Directors authorized the officers of plaintiff to borrow $1,000,000 from that Bank for the purchase of copper. On November 17, 1948 plaintiff made a written application to The First

National Bank of Chicago to borrow $1,000,000. This application set forth the terms and conditions of the transaction. On November 17, 1948 the Bank, in writing, accepted the application. Plaintiff received the said $1,000,000 from the Bank on November 17, 1948 and on the same date delivered a promissory note to The First National Bank of Chicago as evidence of the borrowing. Such a transaction is commonly referred to in banking circles as a "term loan". The promissory note here involved is not generally known in the commercial banking world as a debenture nor as a corporate security; nor is it generally known in the investment banking business as a debenture or a corporate security; nor is it generally known by bank examiners as a debenture or investment security. A true and correct copy of said promissory note and of said loan application and of said acceptance by the Bank are attached to the complaint and to the stipulation of facts filed herein, and are hereby incorporated by reference and made a part of these findings of fact.

5. The taxes in controversy are stamp taxes in the amount of $1,100. The Commissioner of Internal Revenue determined that a stamp tax liability in the amount of $1,100 was incurred by plaintiff upon the issuance of the note to The First National Bank of Chicago, and on October 7, 1949 defendant issued his Notice and Demand for Tax to plaintiff demanding payment of the tax within 10 days from October 7, 1949. Pursuant thereto, on October 17, 1949 plaintiff paid the tax to defendant, Collector of Internal Revenue of the United States of America for the First Collection District of Illinois.

6. The promissory note here involved was not in registered form and did not bear interest coupons.

7. Term bank loan notes, after their original issuance, are not bought and sold or otherwise traded in as are debentures and other corporate securities.

8. On February 9, 1950 plaintiff filed with defendant its claim for refund for the recovery of said federal stamp taxes in the amount of $1,100. Under date of March

27, 1950, notice of disallowance of said claim for refund was sent by the Commissioner of Internal Revenue to plaintiff by registered mail and was received by plaintiff.

Conclusions of Law

1. The court has jurisdiction of the parties and of the subject matter.

2. The instrument delivered by plaintiff to The First National Bank of Chicago as evidence of the $1,000,000 loan was a promissory note.

3. The instrument delivered by plaintiff to The First National Bank of Chicago was not a debenture nor a corporate security as those terms are used in Section 1801 of the Internal Revenue Code, 26 U.S.C.A. § 1801, and is not subject to stamp tax under that section or any other section of the Internal Revenue Code.

4. The assessment and collection of $1,100 stamp taxes by defendant on the instrument delivered to The First National Bank of Chicago was illegal and erroneous.

5. Plaintiff is entitled to a judgment against defendant for $1,100, together with interest thereon and costs as provided by law.