**SHAMROCK OIL & GAS CO. v. CAMPBELL.**

Civ. No. 4743.

United States District Court
N. D. Texas, Dallas Division.
Oct. 14, 1952.

Ed. H. Selecman, Underwood, Wilson, Sutton, Heare & Boyce, all of Amarillo, Tex., for plaintiff.

Tom M. Shaw, Asst. U. S. Atty., Dallas, Tex., for defendant.

ATWELL, Judge.

The plaintiff brought this action for $4,-400, plus interest at six percent from April 10, 1950, alleging that that amount was charged it for documentary stamps which were allegedly attached to a note which it gave the Mellon Bank & Trust Company of Pittsburgh, Pennsylvania, which was the successor of the Union Bank & Trust Company of the same place.

The facts disclose, and I find that there was a course of dealing between the plaintiff and the predecessor and successor bank for a number of years, for loans, the smallest of which was $100,000, and ranging from that amount to the loan in question here, of $4,000,000. That when the $4,000,000 loan was made the bank took up and cancelled such of the preceding loans as remained unsettled.

That the covenants accompanying such note, which note was payable to orders, are such agreements as one ordinarily finds in mortgages for the protection of the lender, and that such lending institution was engaged in lending, with the approval of its committee and its Vice-President, approximately 40% of its business in large loans. That such covenants and agreements in no sense created the transaction, or, the right to call such a note and agreements with reference to the re-payment of the fund, a "debenture."

The legislative history of the statute imposing documentary stamp tax, 26 U.S.C.A. § 1800 et seq., indicates that what was repealed when the tax on promissory notes was eliminated, was the tax which covered notes used customarily in day-to-day commercial transactions of a short-time credit character and not instruments whether called notes or something else. But we tremble at the thought, or, suggestion, that the citizen, or, the concern who borrows a large sum of money and gives his, or its note, must pay a tax on such document which would not be collected from one of lesser financial ability or wants. This is not a government for collecting from the rich and allowing the less fortunate to go unburdened with the same collection.

I think what was done here by the borrower, was to give to the lender such chattel mortgage security as would make the lender safe and able to reap its appropriate return on the loan.

The case which seems to me to point the safest rule under this statute is, Belden Mfg. Company v. Jarecki, 7 Cir., 192 F.2d 211. That decision seems to have been approved by the Fifth Circuit in Allen v. Atlanta Mettalic Casket Co., 197 F.2d 460.

The use of these authorities and this reasoning is merely for the purpose of discovering and putting into the congressional mind something that the Congress mind did not disclose to the people, or, the taxpayers. It does not seem to have entered the mind of the Congress when it passed this statute, that the lender might not enter into a contract with the borrower for fidelity in carrying on the borrower's business and insuring a loan against any secret agree-

766

ment, or transactions which might undermine, or, tend to lessen, or, destroy the lender's security. See Allen v. Atlanta, 197 F.2d 460:

A debenture, ordinarily, is an obligation of corporations, or, large moneyed copartnerships, issued in a form convenient to be bought and sold as investments. Barton National Bank v. Atkins, 72 Vt. 33, 47 A. 176.

Coupons are attached, making the interest payable one-half yearly. In re Rogers, 1 DR & SM 338; 62 Reprint 408.

The word seems to include the entire instrument, together with coupons attached. Weinstein v. Siemens, D.C., 26 F.Supp. 410.

They are sometimes called "floating securities."

The word is sometimes applied to a secured debt within a statute relating to the order of payment of debts on the winding up of an insolvent trust company. Income debentures. Debenture bonds. Debenture redemption company. Carson, Pirie, Scott & Co. v. Duffy Powers, D.C., 9 F.Supp. 199; Mercantile Properties v. State Tax Commission, 278 N.Y. 325, 16 N.E.2d 352; Ballard v. Ponchatoula Homestead Association, 137 La. 677, 69 So. 91.

Usually has coupons attached to facilitate payment of interest, and, generally, is issued in a series. In the United States a debenture originally was a certificate given by a collector of a port under United States Customs Laws. It is derived from a Latin word which means, "they are due." Lorimer v. McGreevy, 229 Mo.App. 970, 84 S.W. 2d 667, 669.

■ The instrument itself, must carry marks or necessary elements of negotiability on its own face, and not otherwise. Negotiability cannot be determined by custom of dealing, or, treating with certain commercial instruments.

■ A debenture, or, a bond which does not contain unconditional promise to pay, but only promises to pay out of a particular fund, are non-negotiable, notwith-

standing the same are payable to bearer. Lorimer v. McGreevy, supra.

Judgment must go for the plaintiff for the amount sued for, plus interest at six percent from April 10, 1950.