## LESLIE SALT CO. v. UNITED STATES.
### No. 30871.

United States District Court
N. D. California, S. D.
Jan. 29, 1953.

Walter C. Fox, Jr., and Chickering & Gregory, San Francisco, Cal., for plaintiff.

Chauncey Tramutolo, U. S. Atty., and Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., Charles S. Lyon, Asst. Atty. Gen., Andrew D. Sharpe and F. A. Michels, Sp. Assts. to Atty. Gen., for defendant.

GOODMAN, District Judge.

26 U.S.C. § 1801 [1] imposes a tax of 11 cents on each $100 of face value, inter alia, upon all "debentures" issued by any corporation.

Plaintiff corporation owed large sums of money to certain banks. In order to fund these loans and to obtain needed working capital, it borrowed $1,000,000 from Pacific Mutual Life Insurance Company and $3,000,000 from Mutual Life Insurance Company of New York. It executed promissory notes for $1,000,000 and $3,000,000 respectively to the two insurance companies. Simultaneously it executed agreements with the insurance companies, by which its business activities and the handling of its funds were circumscribed to protect the insurance companies and safeguard payment of the notes as therein provided. [2]

The Collector of Internal Revenue assessed and collected from plaintiff a tax of $4,400 upon the two notes, upon the ground that the notes were "debentures," as provided in 26 U.S.C. § 1801. Plaintiff duly filed a claim for refund, alleging that the promissory notes were "promissory notes" and not debentures. This suit followed upon denial of the claim for refund.

There was a time when promissory notes issued in commercial transactions were subject to the payment of stamp taxes. [3] These taxes however were later repealed. [4] And now stamp taxes are payable only upon corporate securities as defined in 26 U.S.C. 1801.

Unless the two promissory notes in question are "debentures", they are not subject to the tax. No more so than the notes that plaintiff gave the banks to cover its previous borrowings.

There has been much technical discussion in the briefs, and in cases cited, concerning the meaning and definition of the term "debentures." Suffice it to say that, in my opinion, the two promissory notes are just what they purport to be, namely, obligations to repay the two insurance companies the money the plaintiff borrowed from them. They do not have the characteristics that would make them debentures, either as defined in or purposed by the statute. The Collector cannot, by some feat of catalytic baptism, turn a plain obligation to repay a specific sum of money to a specific lender into a taxable security.

There does exist some disagreement of authority as to what, in specific cases, does or does not constitute a "debenture." The government has cited General Motors Acceptance Corporation v. Higgins, 2 Cir., 1947, 161 F.2d 593, and Commercial Credit Co. v. Hofferbert, 4 Cir., 1951, 188 F.2d 574. The latter case was a per curiam affirmance of a District Court's opinion and decision, Md.1950, 93 F.Supp. 562. The facts in the General Motors Acceptance Corp. v. Higgins are different. The facts in Commercial Credit Co. v. Hofferbert are similar.

But later decisions in Allen v. Atlanta Metallic Casket Co., 5 Cir.,1952, 197 F.2d 460; Belden Mfg. Co. v. Jarecki, 7 Cir., 1951, 192 F.2d 211, and Shamrock Oil & Gas Co. v. Campbell, D.C.N.D.Tex.1952, 107 F.Supp. 764, cited by plaintiff, appear to be more apropos and persuasive here.

Expert testimony was given here as to the meaning, particularly in the commercial world, of the term "debenture." The government moved to strike the testimony and the court reserved ruling on the motion. It now denies the motion. But I attach no

1. "§ 1801. Corporate securities
   "On all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each $100 of face value or fraction thereof, 11 cents * * *."

2. The agreements were collaterally executed specifically for the purpose of

safeguarding and insuring payment of the loans by the borrower to the lender. They were not the kind of collateral or trust agreements traditionally used as the foundation or basis for the issuance of corporate obligations or securities.

3. 42 Stats. 305, Revenue Act of November 23, 1921.

4. 43 Stats. 352, Revenue Act of June 2, 1924.

weight to the testimony. For I hold that the issue is decidable, and I do decide it, upon the documents and the stipulated facts.

Judgment will go for plaintiff as prayed upon findings to be presented pursuant to the Rules.