KNUDSEN CREAMERY CO. OF
CALIFORNIA

v.

UNITED STATES.

Civ. No. 15336.

United States District Court,
S. D. California, Central Division.

June 3, 1954.

Latham & Watkins and Austin H. Peck, Jr., Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

MATHES, District Judge.

██ This action for refund of documentary stamp taxes paid in accordance with §§ 1800 and 1801 of the Internal Revenue Code, 26 U.S.C. §§ 1800, 1801, having been tried and the cause submitted for decision; and it appearing to the court from the evidence:

(1) that the instruments in controversy were "typed on plain white paper and did not bear the corporate seal," Cf. Niles-Bement-Pond Co. v. Fitzpatrick, 2 Cir., 213 F.2d 305, reversing D.C.D.Conn. 1953, 112 F.Supp. 132; United States v. Ely & Walker Dry Goods Co., 8 Cir., 1953, 201 F.2d 584, 588; Allen v. Atlanta, etc., Casket Co., 5 Cir., 1952, 197 F. 2d 460, affirming D.C.M.D.Ga.1951, 99 F. Supp. 104; Gamble-Skogmo, Inc., v. Kelm, D.C.D.Minn.1953, 112 F.Supp. 872, 873; Stuyvesant Town Corp. v. United States, 1953, 111 F.Supp. 243, 244, 247, 124 Ct.Cl. 686;

(2) that the minutes of a meeting of plaintiff's Board of Directors authorizing execution of the instruments disclose *inter alia* that: "The president * * * reported that we had been negotiating through Dean Witter & Co. as underwriters, for a loan to retire our presently outstanding 4½% First Mortgage Serial Bonds and our 5½% Sinking Fund Debentures * * * that negotiations had been completed for a loan of one and one-half million dollars * * * interest rate varys between 2½% and 3½%, and the whole loan payable in equal annual installments over a period of 15 years, with certain contingent payments based on profits * * * will be made jointly by the Security-First National Bank of Los Angeles and the Pacific Mutual Life Insurance Company * * * we are to have an option for an additional $750,000.00, at any time within two years, which will be available when cer-

tain conditions have been fulfilled by us * * *."; Cf. United States v. Ely & Walker Dry Goods Co., supra, 201 F.2d at page 586; Niles-Bement-Pond Co. v. Fitzpatrick, supra, 112 F.Supp. at pages 133–134; Leslie Salt Co. v. United States, D.C.N.D.Cal.1953, 110 F.Supp. 680, 681; Shamrock Oil & Gas Co. v. Campbell, D.C.N.D.Tex.1952, 107 F.Supp. 764, 765; Belden Mfg. Co. v. Jarecki, D.C.N.D.Ill. 1951, 95 F.Supp. 539, 540, affirmed 7 Cir., 1951, 192 F.2d 211, 212;

(3) that both the $700,000 instrument and the $350,000 instrument executed by plaintiff in favor of the bank provide that: "This note is issued under and is entitled to the benefit of a Credit Agreement dated as of September 1, 1947, between the payee and the maker of this note and Pacific Mutual Life Insurance Company, to which Credit Agreement reference is hereby made for a statement of the terms and conditions under which this note is issued and payable";

(4) that both the $800,000 instrument and the $400,000 instrument executed by plaintiff in favor of the insurance company provide that: "This note is issued under and is entitled to the benefits of a Credit Agreement dated as of September 1, 1947, between the payee and the maker of this note and the Security-First National Bank of Los Angeles, to which Credit Agreement reference is hereby made for a statement of the terms and conditions under which this note is issued and is payable, including certain fixed and certain contingent sinking fund payments required to be made on account of the principal of this note"; and

the "Credit Agreement" so referred to provides that: "Company will at any time, upon application of Pacific and without expense to Pacific, promptly execute and deliver to Pacific in exchange for any Pacific Note at the time outstanding hereunder, a like aggregate amount of new notes in the principal amount of $1,000 or a multiple thereof * * *." See Niles-Bement-Pond Co. v. Fitzpat-

rick, supra, 213 F.2d at page 305; General Motors Acceptance Corp. v. Higgins, 2 Cir., 1947, 161 F.2d 593, 594; Gamble-Skogmo, Inc., v. Kelm, supra, 112 F.Supp. at page 873–874, note 4; Commercial Credit Co. v. Hofferbert, D.C.D.Md.1950, 93 F.Supp. 562, 566, affirmed per curiam, 4 Cir., 1951, 188 F.2d 574;

(5) that the "Credit Agreement", which comprises 35 typewritten pages exclusive of attachments, further provides that: "Each of the Lenders represents that its respective loans hereunder and the notes hereunder to be received by it as evidence of such loans will be made and taken for investment and not with a view to the distribution of said notes or any of them * * *." See Niles-Bement-Pond Co. v. Fitzpatrick, supra, 213 F.2d at 305; United States v. Ely & Walker Dry Goods Co., supra, 201 F.2d at page 589; Belden Mfg. Co. v. Jarecki, supra, 192 F.2d at page 213; General Motors Acceptance Corp. v. Higgins, supra, 161 F.2d at page 594; Gamble-Skogmo, Inc., v. Kelm, supra, 112 F. Supp. at pages 873–874, note 4; Commercial Credit Co. v. Hofferbert, supra, 93 F.Supp. at page 563;

(6) that since substance controls over form and labels, the "Credit Agreement" and the instruments in controversy must be read together in the light of the relevant minutes and resolutions of plaintiff's Board of Directors and all other surrounding circumstances shown by the evidence, Belden Mfg. Co. v. Jarecki, supra, 192 F.2d at page 212; Gamble-Skogmo, Inc., v. Kelm, supra, 112 F.Supp. at page 874;

(7) that when the documentary evidence at bar is so read and construed, the entire transaction is disclosed to have the essential features of what is now termed a "private placement", Niles-Bement-Pond Co. v. Fitzpatrick, supra, 213 F.2d 305; Cf. United States v. Ely & Walker Dry Goods Co., supra, 201 F.2d at pages 586–589; Belden Mfg. Co. v. Jarecki, supra, 192 F.2d at page 214; Leslie Salt Co. v. United States, 110 F. Supp. at page 681, note 2; Shamrock Oil

& Gas Co. v. Campbell, supra, 107 F. Supp. at page 766; and

(8) that accordingly the instruments, secured as they are by a "floating charge" on plaintiff's business governed by the "Credit Agreement" [see 6 Encyclopaedia Brittanica ("The Floating Debenture") 147 (1947)], must be held to be "debentures, or certificates * * * of indebtedness", within the meaning of 26 U.S.C. §§ 1800 and 1801. See General Motors Acceptance Corp. v. Higgins, supra, 161 F.2d at page 596; Gamble-Skogmo, Inc., v. Kelm, supra, 112 F. Supp. at pages 873–874; Commercial Credit Co. v. Hofferbert, supra, 93 F. Supp. at pages 564–566.

Findings of fact, conclusions of law and judgment are ordered in favor of defendant, and will be lodged with the Clerk pursuant to local rule 7 within five days.