## ATLANTA METALLIC CASKET CO. v. ALLEN.

### Civ. A. No. 757.

United States District Court
M. D. Georgia, Macon Division.
May 21, 1951.

Harry S. Baxter and Smith, Kilpatrick, Cody, Rogers & McClatchey, all of Atlanta, Ga., for plaintiff.

John P. Cowart, U. S. Atty., T. Reese Watkins, Asst. U. S. Atty., Macon, Ga., Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe, Rhodes S. Baker, Jr., Sp. Assts. to Atty. Gen., Washington, D. C., for defendant.

DAVIS, Chief Judge.

Upon consideration of the evidence and arguments in the above stated case, heard without the intervention of a jury, the Court does hereby make the following Findings of Fact and Conclusions of Law:

Findings of Fact

1.

Plaintiff is now and at all times hereinafter mentioned has been a corporation organized and existing under the laws of the State of Georgia and having its principal office and place of business in the City of Atlanta, Georgia.

2.

Marion H. Allen, the defendant, is now and at all times hereinafter mentioned has been Collector of Internal Revenue of the United States of America for the District of Georgia and is and has been a citizen of Georgia, and a resident of Baldwin County in that state, which county is within the Middle Judicial District, Macon Division, of the State of Georgia.

3.

Plaintiff, on March 1, 1949, borrowed, in the ordinary course of its business, from Liberty National Life Insurance Company of Birmingham, Alabama, the sum of $600,000, which sum was paid to it in full on that date without discount or other deduction. As evidence of such indebtedness plaintiff executed and delivered to the lender its single promissory note in the amount of such loan. A true and correct copy of said promissory note, which is designated on its face as "Note Secured by Real Estate", is attached to the complaint and is hereby incorporated by reference in and made a part of these Findings of Fact.

4.

Such promissory note was not in registered form and did not bear interest coupons. It was typewritten on plain legal size paper and was in the usual and customary form and had the usual and customary provisions of an ordinary promissory note used to evidence indebtedness resulting from a commercial term loan. It was signed in the manner indicated on the copy attached to the complaint and was effective upon its execution and delivery without further signature, authentication or other formality.

5.

For the purpose of securing the payment of such promissory note plaintiff simultaneously with its execution likewise executed and delivered to the lender an instrument denominated "Deed to Secure Debt". A true and correct copy of such "Deed to Secure Debt" is attached to the Stipulation of Facts filed herein and is hereby incorporated by reference in and made a part of these Findings of Fact.

106

**6.**

Such "Deed to Secure Debt", in so far as it conveys real and personal property, is in the usual and customary form and contains the usual and customary provisions of the security deed in common use in the State of Georgia. Additional provisions contained in such instrument, relating to future operations of plaintiff while the loan is outstanding, are of the type which are customarily found in loan agreements executed in connection with term loans made by banks and other commercial lenders. The purpose of such additional provisions was to give the lender additional security for the payment of the indebtedness resulting from its loan to plaintiff. Such instrument was typewritten on plain, legal size paper and was executed in the manner in which Georgia security deeds, intended for recording, are normally executed.

**7.**

The instrument sought to be taxed would be considered in business and financial circles as an ordinary promissory note evidencing a commercial term loan, as distinguished from a corporate bond, debenture or certificate of indebtedness. Commercial term loan notes, after their original issuance, are not bought and sold or otherwise traded in as are debentures and other corporate securities.

**8.**

The "Deed to Secure Debt" here involved would be considered in business and financial circles as a security instrument executed for the purpose of securing a commercial term loan and its execution and delivery in connection with the aforesaid promissory note would not affect the classification of such promissory note by persons familiar with corporate financial transactions as a promissory note rather than as a bond, debenture or certificate of indebtedness.

**9.**

The taxes in controversy are Federal Stamp Taxes in the amount of $660. Following the execution and delivery by plaintiff to the lender of the promissory note

hereinabove referred to, plaintiff requested a ruling from the Commissioner of Internal Revenue as to whether such promissory note was subject to the Federal Stamp Tax imposed by Section 1801 of the Internal Revenue Code, 26 U.S.C.A. § 1801. Upon receipt of a ruling that such instrument was subject to the tax, plaintiff paid such tax on January 5, 1950 to the defendant. Thereafter, on January 17, 1950, plaintiff filed with defendant its claim for refund of such tax and on March 21, 1950, said claim for refund was rejected in its entirety.

Conclusions of Law

**1.**

This Court has jurisdiction of the subject matter and of the parties.

**2.**

■ The instrument with respect to which the tax here involved was paid was a promissory note.

**3.**

Such instrument was not a corporate bond, debenture or certificate of indebtedness, as those terms are used in Section 1801 of the Internal Revenue Code, 26 U.S.C.A. § 1801, and was not subject to stamp tax under that section or any other section of the Internal Revenue Code.

**4.**

■ Whether an instrument is a bond, debenture or certificate of indebtedness within the meaning of those terms as used in Section 1801 of the Internal Revenue Code is to be determined primarily from its form and face and external evidence is superfluous unless consideration of the form and face of the instrument leave doubt as to its proper classification. The form and face of the instrument here involved clearly show that it is a promissory note and that it is not a bond, debenture or certificate of indebtedness.

**5.**

■ Consideration of external evidence introduced in the present case does not alter, but rather confirms, the conclusion

that the instrument involved is a promissory note and is not a corporate bond, debenture, or certificate of indebtedness within the meaning of Section 1801 of the Internal Revenue Code.

#### 6.

█ The tax, the recovery of which is sought in this action, was wrongfully and illegally collected and plaintiff is entitled to recover such tax in the amount of $660, together with interest and costs as provided by law.

Let the plaintiff present a Judgment in accordance with these Findings.