## ALLEN v. ATLANTA METALLIC CASKET CO.

No. 13823.

United States Court of Appeals Fifth Circuit.

June 12, 1952.

Melva M. Graney, Ellis N. Slack, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., John P. Cowart, U. S. Atty., Macon, Ga., for appellant.

Harry S. Baxter, Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Brought to recover the amount of stamp tax exacted of it as due under Section

1801,[1] I.R.C. and T.R. 71, Sec. 113.55,[2] with respect to an instrument denominated "Note secured by Real Estate", the suit resulted in a judgment for the taxpayer.

The collector has appealed, presenting for decision the single question whether the district judge erred in holding that the instrument of indebtedness here involved was not a debenture and, therefore, was not subject to stamp tax under Sec. 1801.

The collector and taxpayer, collecting and marshalling the facts deemed by each to be material and persuasive, press them upon us as controlling for the one side or the other. Each, pointing out that the facts are not in dispute and insisting that there is little room for construction or difference of opinion, urges upon us that he, and not the other, has the right of it. In addition, the collector, citing G. M. A. C. v. Higgins, 2 Cir., 161 F.2d 593, and Commercial Credit Co. v. Hofferbert, 93 F.Supp. 562, affirmed per curiam, 4 Cir., 188 F.2d 574, claims that he has the support of authority. Not to be outdone, the taxpayer, citing the later, and as it claims the better reasoned, case of Belden Mfg. Co. v. Jarecki, 7 Cir., 192 F.2d 211, insists that this case is, the other cases are not, in point on the facts and that, in point of both reason and authority, its cause is the better.

We agree. Standing out in this case, great beacons lighting the way that we should go, are: (1) the fact that, under the undisputed facts, the taxability of the instrument is not free from, indeed at the best for the government, is shrouded in, doubt; and (2) the principle that taxes may not be exacted unless clearly due, and in case there is doubt, the taxpayer must be given the benefit of it.[3]

In addition, we find the Belden case in point and most persuasive.

The district judge, in his findings of fact and conclusions of law, reported at D.C., 99 F.Supp. 104, correctly, and with sufficient fullness, set out the facts and, with equal correctness, stated the law of the case.

Upon the basis of the facts there found and the reasons there given, the judgment is affirmed.

RUSSELL, Circuit Judge (specially concurring).

I find here no occasion for applying any "doctrine of doubt", because I think the law, the facts, and the findings and conclusions of the trial judge require the judgment of affirmance.

---

1. "Sec. 1801 [as amended by Sec. 521(a)(3) of the Revenue Act of 1941, c. 412, 55 Stat. 687] Corporate Securities.
   "On all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each $100 of face value or fraction thereof, 11 cents: * * *." 26 U.S.C. 1946 ed. § 1801.

2. "Treasury Regulations 71 (1941 ed):
   "Sec. 113.50. Scope of Tax.—Sec. 1801 imposes a tax upon the issue by any corporation of bonds, debentures, certificates of indebtedness, and all instruments, however termed, with interest coupons or in registered form and known generally as corporate securities. Every renewal of the above described instruments is taxable as a new issue."

"Sec. 113.55. Issue Subject to Tax.— Ordinarily, a corporate instrument styled a bond, debenture, or certificate of indebtedness is subject to the tax. However, the taxability of an instrument is not determined by the name alone but depends upon all the circumstances, such as the name, form, and terms of the instrument, etc. Hence, an instrument, however designated, having all the essential characteristics of a bond, debenture, or certificate of indebtedness is taxable as such. Similarly, an instrument issued with interest coupons, or with provisions for registration, and coming within the class known generally as corporate securities will be held subject to the tax regardless of the name by which it may be called."

3. Masonite Corp. v. Fly, 5 Cir., 194 F.2d 257.