**GENERAL MOTORS ACCEPTANCE CORP.**

v.

**HIGGINS.**

United States District Court
S. D. New York.
Dec. 28, 1953.

George A. Brooks, New York City, for plaintiff.

J. Edward Lumbard, U. S. Atty., New York City, for defendant.

NOONAN, District Judge.

Since filing its original complaint containing four causes of action, the plaintiff has abandoned the second cause of action and the defendant has consented to entry of judgment on the third cause of action; for this reason, only the first and fourth causes of action remain to be decided.

Both causes of action involve certain documentary tax stamps purchased under protest by the plaintiff and for which it claims refunds, together with interest.

The issue is whether or not certain instruments issued by the plaintiff are bonds, debentures, certificates of indebtedness or other instruments known generally as corporate securities, and subject to the stamp tax imposed by Schedule A–1, Title VIII of the Revenue Act of 1926, as amended by Section 721(a) of the Revenue Act of 1932, and Section 210 of the Revenue Act of 1940, now 26 U.S.C. § 1801. In short are the instruments here involved taxable debentures or are they tax exempt promissory notes?

▋ Before deciding this issue, a question of the admissibility of certain documentary evidence must first be resolved. The documents involved certain form letters sent by the plaintiff to the various companies from which money was borrowed on the instruments referred to in the first cause of action herein. The contents of the letters appear to modify the transactions by including certain conditions not contained on the face of the securities. Accordingly, it is important to determine whether or not these modifications are to be considered in determining the true nature of the instruments.

On the trial of this action, the government sought to introduce this and other modifying documents into evidence and the plaintiff objected. Decision was reserved at the time as to that objection. The objection is now overruled. Stern v. Commissioner, 2 Cir., 1943, 137 F.2d 43, 46; Brassert v. Clark, 2 Cir., 1947, 162 F.2d 967; 9 Wigmore on Evidence, Sec. 2446, 3rd Edition.

However, this ruling applies only to Exhibit 2. Exhibits 4 and 6 would have been involved in the third cause of action, but, because the third cause of action is already disposed of, the admission of these exhibits is of no concern in this action.

In considering the first cause of action, we must look not only to the form of the "note" itself, but also to the modifying agreement shown by Exhibit 2, and the corporate resolution authorizing the issuance and delivery of the relevant instruments.

In view of the decision in General Motors Acceptance Corp. v. Higgins, 2 Cir., 1947, 161 F.2d 593, certiorari denied 332 U.S. 810, 68 S.Ct. 112, 92 L.Ed. 388; and the present ruling admitting Exhibit 2 into evidence, the plaintiff's cause must fail unless this case can be distinguished from the earlier one. This court does not believe that there is any realistic distinction between them.

The earlier case involved the borrowing of $25,000,000 from eight corporations on eighty-four unsecured instruments, some negotiable and others non-negotiable, payable in from four and one-half to five years from the date of issue. The issuance was authorized by a corporate resolution embodying certain terms, providing, inter alia, that the "notes" were to be purchased for investment rather than resale. The "notes" themselves were printed on tinted paper with engraved borders and bore identifying letters and numbers. They were redeemable at the option of the borrower on 60 days' notice and contained various other provisions which need not be specified at this time.

After a brief discussion of the terms of the "notes" and various definitions of

"debentures", the court concluded, 161 F.2d on page 596:

" * * * that these 'notes' were well within the class of investment instruments commonly called debentures and that the insistence of the treasury upon taxing them under the above statute was correct. Their terms, appearance, and method of sale to a comparatively few investors who were required to state at least their then present intention to hold them for investment purposes without transfer to others combined to put them in a class apart from ordinary commercial promissory notes and into the category of debentures as that term is used in the statute in its setting with bonds, and certificates of indebtedness, to designate a type of corporate securities which does not include ordinary promissory notes."

▮ The first cause of action in the instant case involves the borrowing of $50,000,000 from ten corporations on ten instruments, negotiable in form (but not intended to be negotiated), and payable in five years from the date of issue. The issuance was authorized by a corporation resolution that referred to a separate agreement with each of the investors, which agreement contained terms providing, inter alia, that the "notes" were to be purchased for investment rather than for resale. The "notes" themselves, as in the previous case, were printed on tinted paper with engraved borders and bear identifying numbers. They were redeemable at the option of General Motors Acceptance Corporation on sixty days' notice.

The instruments here involved generally fit the above-quoted wording which formed a material basis for the decision of the Court of Appeals.

We, therefore, are bound to apply the rule there laid down, and, accordingly, find for the defendant on the first cause of action. This court is aware that there are certain differences between the forms of the notes in the two cases (e. g. places of payment, and statements that the instruments evidenced the payees' advancement of the principal amounts). We have also observed the wording of the agreement in its references to "buy", "sell", "investors" and "purchase and pay for". This opinion is based on all of the factors mentioned as a whole rather than on any one of them.

▮ As to the fourth cause of action, the relationship of the parties must also be considered. The money was obtained from the parent corporation. The loan was for only two years. There was no collateral agreement with modifying terms, although the form of the evidence of debt is similar to that involved in the first cause of action.

The defendant urges the court to follow the reasoning of the United States Court of Claims in the case of Stuyvesant Town Corp. v. U. S., Ct.Cl.1953, 111 F.Supp. 243. However, it should be noted that in that case the instruments involved were called "income debenture certificates", were non-negotiable, were for a period of about 40 years, and were for varying amounts as those amounts were needed. The court, therefore, does not feel persuaded as to the similarity of the two cases.

While it may be difficult to draw a definite line between what will be regarded as a "note" and what will not be so regarded for purposes of the stamp tax here involved, this court finds that, absent the terms contained in the collateral agreement found in the first cause of action, and in view of the shorter term and the apparent negotiability of the notes here involved, there is at least a substantial doubt as to the taxability of such notes. The defendant asks that we assume, because of the relationship of the parties that the ends of some agreement, absent in this transaction, are obtainable by General Motors Acceptance Corporation without the necessity of the formality of such an agreement. Admitting the possibility, we still can not assume such to be the fact.

This court therefore finds that the taxability of the instruments involved in the fourth cause of action is in doubt; and, in accordance with the rule of resolving doubts in tax cases of this nature in favor of the taxpayer, see 47 C.J.S., Internal Revenue, § 545, p. 784, we hereby find for the plaintiff on its fourth cause of action.

Submit findings of fact and conclusions of law in accordance herewith.