**UNITED STATES of America, Appellant,**

v.

**LESLIE SALT COMPANY, Appellee.**

**No. 13873.**

United States Court of Appeals Ninth Circuit.

Dec. 16, 1954.

H. Brian Holland, Asst. Atty. Gen., Fred Youngman, Ellis N. Slack, A. F. Prescott, William L. Norton, Jr., Sp. Assts. to Atty. Gen., Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for appellant.

W. Burleigh Pattee, Walter C. Fox, Jr., Bruce M. Casey, Jr., Chickering & Gregory, San Francisco, Cal., for appellee.

Before HEALY and BONE, Circuit Judges, and DRIVER, District Judge.

HEALY, Circuit Judge.

This is a suit to recover taxes exacted under 26 U.S.C.A. §§ 1800 and 1801.

Section 1801 in material part provides: "Corporate securities. On all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each $100 of face value or fraction thereof, 11 cents. * * *"

The transactions in question were two loans negotiated by the taxpayer in 1949 with insurance companies in amounts of $1,000,000 and $3,000,000, evidenced in each instance by a nonnegotiable promissory note for the full amount maturing in 15 years. Underlying each note was an agreement on the part of the borrower containing restrictions designed for the protection of the lender. No interest coupons were attached to the instruments. They were not on vellum or parchment nor were they engraved, and the trial court found that they were not issued in registered form. The latter finding was not protested in the government's opening brief or in the oral argument of its counsel. The court held that the instruments were not of the type designated by the statute and are not subject to stamp tax thereunder. The opinion of the court is reported in 110 F.Supp. 680.

We are not prepared to say that the decision is wrong. There is no satisfactory evidence that Congress intended to tax instruments of this character— certainly none that it did so in anything approaching clear language. It is altogether likely that had Congress foreseen the development of corporate financing by means of large long-term placement loans like these it would not have repealed outright the statutory tax it had imposed during the first World War on promissory notes, but would have modified the statute to conform with the development. Congress has since had abundant opportunity to legislate on the subject but has not seen fit to do so. We can not but feel that in the considerable number of instances where courts have upheld exactions of the tax in situations analogous to the present they have invaded a field belonging exclusively to Congress.

In going one way or the other the judges have frequently relied on distinctions which appear to us to be without difference, mainly on whether the loan was negotiated with an insurance company or whether it was negotiated with a commercial bank. We may add that subsequent to the opinion below several decisions have come down, heading, as was inevitable, in all directions. The chief of these more recent efforts is the Second Circuit case of Niles-Bement-Pond Co. v. Fitzpatrick, 213 F.2d 305. There the court, in holding for the tax-

payer, wrestled with the unpleasant if not impossible task of distinguishing an earlier opinion of its own. Fortunately we are confronted with no problem of that nature.

Affirmed.