**S. S. PIERCE COMPANY**
v.
**UNITED STATES of America.**
Civ. A. Nos. 53–1112 and 54–77.

United States District Court,
D. Massachusetts.

Dec. 31, 1954.

Jay B. Angevine, William N. Swift, Hutchins & Wheeler, Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Arthur I. Weinberg, Asst. U. S. Atty., Boston, Mass., for defendant.

ALDRICH, District Judge.

These are two actions to recover payments made on account of stamp taxes. Plaintiff in 1951 borrowed a million dollars from an insurance company, repayable in installments over a period of

ten years. It did essentially the same thing again in 1953. The facts are so similar that I shall treat them as one occurrence. The plaintiff entered into a detailed loan agreement, some twenty pages long, and executed a so-called promissory note. For purposes of identification, but not of characterization, I shall call this the note. The insurance company, as a condition of the loan, required government stamps, in the amount called for by the Internal Revenue Code of 1939, §§ 1800, 1801, 26 U.S.C.A. §§ 1800, 1801, to be affixed to the loan agreement. It was stipulated that the fact and the reasons that the insurance company required this to be done are not presently material. It was also stipulated that the note and loan agreement are to be regarded as one instrument,[1] and that the fact the stamps were affixed to the latter rather than to the note itself is of no consequence.

It was further stipulated that a witness for the plaintiff was to be considered as having testified to certain matters, but the defendant disputed their materiality. I find the facts to be in accordance with this stipulation. I rule that they are not material.

The statutory obligation, if any, to affix these stamps results from the following:

Internal Revenue Code of 1939:

"§ 1800. Imposition of tax

"There shall be levied, collected, and paid, for and in respect of the several bonds, debentures, or certificates of stock and of indebtedness, and other documents, instruments, matters, and things mentioned and described in sections 1801 to 1807, inclusive, or for or in respect of the vellum, parchment, or paper upon which such instruments, matters, or things, or any of them, are written or printed, the several taxes specified in such sections." 26 U.S. C.A. § 1800.

"§ 1801. Corporate securities

"On all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each $100 of face value or fraction thereof, 11 cents: * * *." 26 U.S.C.A. § 1801.

Prior to 1924 there was an additional section which required, although at a different rate, stamps on "promissory notes." The repeal of that section, without substantial change in what is now § 1801, meant that as a matter of construction stamps are not required under that section on promissory notes.[2]

With that in mind, does this note and loan agreement fall under § 1801?

Substantially this question has been considered by a number of courts, with varying results, and with not always the same reasons for the same result.[3] In this circuit there has been no decision.

1. See Commercial Credit Co. v. Hofferbert, D.C.Md., 93 F.Supp. 562, 564, affirmed 4 Cir., 188 F.2d 574; Belden Mfg. Co. v. Jarecki, 7 Cir., 192 F.2d 211, 213.

2. Niles-Bement-Pond Co. v. Fitzpatrick, 2 Cir., 213 F.2d 305; United States v. Ely & Walker Dry Goods Co., 8 Cir., 201 F. 2d 584, 36 A.L.R.2d 969.

3. *Taxable:* General Motors Acceptance Corp. v. Higgins, 2 Cir., 161 F.2d 593, certiorari denied 332 U.S. 810, 68 S.Ct. 112, 92 L.Ed. 388; Commercial Credit Co. v. Hofferbert, D.C.Md., 93 F.Supp. 562, affirmed 4 Cir., 188 F.2d 574; Gamble-Skogmo, Inc., v. Kelm, D.C.Minn., 112 F.Supp. 872, distinguishing United States

v. Ely & Walker Dry Goods Co., 8 Cir., 201 F.2d 584; Kobacker & Sons Co. v. United States, D.C.Ohio, 124 F.Supp. 211; United States v. General Shoe Corp., D.C. Tenn., 117 F.Supp. 668; Stuyvesant Town Corp. v. United States, 111 F.Supp. 243, 124 Ct.Cl. 686, certiorari denied 346 U.S. 864, 74 S.Ct. 102. *Not taxable;* Niles-Bement-Pond Co. v. Fitzpatrick, 2 Cir., 213 F.2d 305; Allen v. Atlanta Metallic Casket Co., 5 Cir., 197 F.2d 460; Belden Mfg. Co. v. Jarecki, 7 Cir., 192 F.2d 211; United States v. Ely & Walker Dry Goods Co., supra; United States v. Leslie Salt Co., 9 Cir., 218 F.2d 91; Curtis Publishing Co. v. Smith, D.C.Pa., 124 F.Supp. 508.

Faced with this lack of uniformity I do not feel obliged to, and I do not propose to, follow the reasoning of any of the prior decisions. Virtually all of them, with the exception of the 9th Circuit,[4] which with some persuasiveness stated that to rule in favor of the government would be judicial legislation —a contention diametrically opposed by one expressed in a dissenting opinion in the 2d Circuit [5]—have inquired into the substantive nature of the transaction as evidenced by the conduct of the parties. I cannot feel any enthusiasm for this approach.

While it is true that conduct of the parties may be resorted to to resolve ambiguities in, and sometimes simply to construe, a written instrument, the evidence offered in this case and considered by some courts in passing on this question, is not of that character. The meaning of the note and loan agreement is perfectly clear. No evidence of why the taxpayer went to the insurance company instead of elsewhere for the loan, or what it proposed to do with the money, or from what source it expects to repay it, could vary in the slightest degree the meaning and effect of the agreement which it made. How then, can it determine the character of the instrument or instruments?

If there is a tax imposed on promissory notes and a party utters what is in form a draft or check, parol evidence is not admissible to show that the parties intended the paper to be equivalent to a promissory note. United States v. Isham, 17 Wall. 496, 21 L.Ed. 728. Because the court may have difficulty in deciding under what definition a particular instrument should fall, it does not seem to me that, however appealing, it has the right to resort to evidence outside the instrument which in no way measures or controls its effect. It may not be easy to characterize the instrument in the case at bar, but it is in all respects the same agreement, and the same document, whether the proffered parol evidence be considered or not.

In the Isham case the court said, 17 Wall. 496, at page 505,

"It is not permissible to the courts, nor is it required of individuals who use the instrument in their business, to inquire beyond the face of the paper. Whatever upon its face it purports to be, that it is for the purpose of ascertaining the stamp duty."

At page 504 of 17 Wall. the court had said,

"The liability of an instrument to a stamp duty, as well as the amount of such duty, is determined by the form and face of the instrument, and cannot be affected by proof of facts outside of the instrument itself." [6]

Even if it be said that the tax is imposed on the transaction and not on the instrument itself, I do not believe

4. United States v. Leslie Salt Co., supra, note 3.

5. Judge Clark dissenting, in Niles-Bement-Pond Co. v. Fitzpatrick, 213 F.2d 305, at page 312. It seems to me that before Congress should be "inferred against," as was suggested in the Leslie Salt Co. case, for not making a change or clarification in the law it should appear that a real need for such existed for at least an appreciable length of time. The first circuit court case against the government was decided in 1951.

6. Strictly speaking, I interpret this to mean that substance is not to be overlooked, but that the substance of the instrument is to be determined by its form,

viz., on its face. The Supreme Court does not appear to have abandoned this principle, and as comparatively recently as 57 F.2d 811, certiorari denied 287 U.S. 618, 53 S.Ct. 18, 77 L.Ed. 537, the 8th Circuit in Willcuts v. Investors' Syndicate repeated and applied the quoted language. Yet in United States v. Ely & Walker Dry Goods Co., supra note 3, it held the other way without mention of either Isham or Willcuts. Nor has any court which has by-passed Isham dealt with the second half of § 1800 making clear that the tax is imposed on the instrument itself, which seems to me to reinforce the proposition that it should be the instrument and not external circumstances that determines the tax.

the parol evidence changed the transaction. In Goodyear Tire & Rubber Co. v. United States, 273 U.S. 100, 47 S.Ct. 263, 71 L.Ed. 558, a stock transfer tax, the court stated it was dealing with a transaction and so it was proper to regard the transaction as a whole. The present parol evidence offered did not vary the transaction as a whole. Parenthetically, it may be noted that the additional evidence offered in the Goodyear case not only varied the transaction, but had the effect of varying the instrument itself.

■■ I consider, therefore, that we are faced with this note and loan agreement, standing alone—except for external evidence that it was put into effect. I also consider that as a matter of statutory construction it falls under § 1801 unless it is to be regarded as a promissory note that would have fallen under the old section now repealed. This may be thought to be a broad assumption, but having in mind the statutory history, and the wide and somewhat loose meaning of the various components of § 1801, I can think of no appropriate alternative.[7]

It further seems to me that it would be proper to consider what was regarded as a promissory note in 1924 when that section was repealed. This is a more difficult assumption, but I reach it in this manner. While the promissory note section and the bond, debenture, etc. section were both in effect, an instrument of the sort that is now under consideration which did not fall under the promissory note section, fell under the other. When Congress repealed the note section, was it not removing from the incidence of the act as a whole only those instruments which were then regarded as notes?[8] I believe this to be so, and that these comprised only the ordinary accepted types of promissory notes of a relatively simple character.[9] The present document should be classed as a debenture.

The fact that in some cases it will be difficult to determine what is a promissory note within this definition, and what is one of such complexity and stature that it falls without, is not an insuperable obstacle to this conclusion. Many principles run into questions of degree.[10] When the changeover point

7. It is to be borne in mind that a debenture is, after all, nothing but a glorified promissory note. See General Motors Acceptance Corp. v. Higgins, 2 Cir., 161 F.2d 593, 596, certiorari denied 332 U.S. 810, 68 S.Ct. 112, 92 L.Ed. 388. Indeed, if one disregards such seeming inconsequentials as the color of the paper and the substitution of typewriting for printing, there is considerable similarity between the documents at bar and the more usual corporate debenture. Each consists of a single summary page, containing the promise to pay and incorporating by reference a more detailed set of agreements and conditions. In the one case the incorporated document is usually termed an indenture; in the case at bar it is termed a loan agreement.

8. This is essentially the view of the writer of the note in 54 Col.L.Rev. 428, Stamp Tax on Promissory Notes Representing Term Loans and Private Placements.

9. It seems significant that when promissory notes were expressly taxed as such they were grouped with drafts and checks. Also they paid a lower rate than bonds and debentures. 38 Stat. 753, 40 Stat. 323, 1137, 42 Stat. 301. The doctrine of *noscitur a sociis* would seem to make the document now in question a cuckoo in a nest of drafts and checks. I find it difficult to accept the opinion of the court in Curtis Publishing Co. v. Smith, D.C. Pa., 124 F.Supp. 508, that such a document is an "ordinary promissory note."

10. With all deference, the principle of looking at the substance of the transaction off of the instrument seems bound to run into just as much of a twilight zone of "hard cases." Indeed, I suspect it is a prime cause of the present wide diversity of judicial views, which the 9th Circuit referred to as being frequently based on "distinctions * * * without difference". United States v. Leslie Salt Co., supra note 3. I do not suggest that the rationale of the instant opinion is a touchstone, but do suggest that it is at least no worse from an administrative point of view than the other approach.

is not clear, the burden will be on the government. Here it seems comparatively unobscure.

Judgments will be entered for the defendant.