FOUNDERS Incorporated, a corporation, Plaintiff,

v.

E. F. KELM, Individually and as Collector of Internal Revenue for the District of Minnesota, Defendant.

Civ. No. 2288.

United States District Court
D. Minnesota, Third Division.
April 9, 1956.

W. P. Berghuis, Minneapolis, Minn., for plaintiff.

George E. MacKinnon, U. S. Atty., Alex Dim, Asst. U. S. Atty., St. Paul, Minn., H. Brian Holland, Asst. Atty. Gen., and Andrew D. Sharpe and David W. Richter, Sp. Assts. to Atty. Gen., for defendant.

BELL, District Judge.

This is a tax recovery suit in which plaintiff seeks to recover $4,964.41 documentary stamp taxes, paid under protest upon the three instruments here involved.

Under date of September 1, 1945, Founders Incorporated (whose former corporate name was Gamble Stores Incorporated) entered into a loan agreement with Continental Illinois National Bank and Trust Company of Chicago, providing for the extension of certain notes then outstanding with the Bank. Two other banks, First National Bank of Minneapolis and Northwestern National Bank of Minneapolis, participated with Continental in this loan. The loan agreement was amended by a supplemental agreement, dated December 20, 1946, providing for the issuance of four new notes to replace those previously outstanding. The original loan agreement was further amended by a second supplemental bank loan agreement, dated November 28, 1947, whereby the notes issued under the supplemental agreement dated December 26, 1946 were cancelled and three new notes in the principal amounts of $400,000, $500,000 and $3,613,050 were issued. It is these three notes which are here involved and upon which the tax was paid. The notes

bear interest at 2¾% per annum, payable quarterly, with maturity dates on March 1, 1949, March 1, 1950 and March 1, 1951. The notes were secured by collateral pledged in the form of corporate stocks and were subject to all the provisions of the original loan agreement. Except for amounts and maturity dates, the notes were identical in form.[1]

The notes were not registered; they were not issued serially; they were not numbered; they had no interest coupons attached; they were all secured by collateral in the form of corporate securities; they were given to a commercial bank with which plaintiff and its affiliated companies had maintained banking relations for a long period of time which included the previous borrowing of substantial amounts of money; the notes were typewritten on plain paper; the notes were not offered for sale to any one; the notes bear no corporate seal; the notes were not authenticated and the notes were not of the size, shape, form or appearance of ordinary bonds or debentures.

The question presented is whether these three instruments, commonly referred to as promissory notes, are subject to the documentary stamp tax laid on "all bonds, debentures, or certificates of indebtedness issued by any corporation * * *" under Sections 1800 and 1801 of the Internal Revenue Code of 1939, 26 U.S.C.A. §§ 1800, 1801.[2]

The Commissioner of Internal Revenue overruled the plaintiff's protest and adopted the Internal Revenue Agent's report that the three promissory notes were taxable as debentures within the meaning of Section 1801. The tax thereupon was assessed by the Commissioner of Internal Revenue and paid by the plaintiff under protest. The plaintiff then in due time filed its claim for refund which was denied by the Commissioner and this action was commenced within the time permitted by law.

While the instruments here are of a form commonly identified and referred to as promissory notes, the Commissioner was of the opinion that the instruments must be considered in connection with

1. "$500,000.00  Date November 28, 1947
   "For Value Received, the undersigned, Founders Incorporated, a Delaware Corporation (herein called the "Company") promises to pay to the order of Continental Illinois National Bank and Trust Company of Chicago the principal sum of Five Hundred Thousand . . . . Dollars ($500,000.00), payable in coin or currency of the United States of America, which at the time of payment is legal tender for public and private debts, at the banking office of the payee in Chicago, Illinois, on March 1, 1950, and to pay interest on said principal sum at said office in like coin or currency, quarterly, at the rate of two and three-quarters percent (2¾%) per annum until maturity, and at the rate of seven percent (7%) per annum from maturity until paid.
   "This is one of three notes issued pursuant to a second supplemental bank loan agreement, dated November 28, 1947, between Founders Incorporated, the payee of this note, and others, to which agreement, the first supplement dated December 20, 1946, and the original agreement dated September 1, 1945, reference is made with respect to the rights and obligations of the holders and maker of said notes and the collateral therefor.
   "Founders Incorporated
   "By ―――――――――――
                "Vice President
   "By ―――――――――――
                "Ass't Secy."

2. Sec. 1800. "There shall be levied, collected, and paid, for and in respect of the several bonds, debentures, or certificates of stock and of indebtedness, and other documents, instruments, matters, and things mentioned and described in sections 1801 to 1807, inclusive, or for or in respect of the vellum, parchment, or paper upon which such instruments, matters, or things, or any of them, are written or printed, the several taxes specified in such sections."
   Sec. 1801. "On all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each $100 of face value or fraction thereof, 11 cents: Provided, That every renewal of the foregoing shall be taxed as a new issue * * *."

the underlying loan agreement. The loan agreement, including the supplements, contained numerous restrictive provisions, among them being a provision for prepayment premium in case the plaintiff corporation should borrow funds from other banks or insurance companies; that all of the corporate earnings, with listed exceptions, were required to be used to repay the loan; that all corporate franchises were to be maintained in full force and effect in compliance with all applicable laws; that the borrower was required to pay all taxes assessed against it except those contested in good faith; that the borrower was obligated to pay any federal stamp tax in respect to the loan agreement or instruments issued pursuant thereto; that the borrower was required to furnish financial statements periodically and any other information requested regarding the borrower or its subsidiaries. The loan agreement further provided that, without prior written consent of the bank, the borrower might not redeem capital stock or pay dividends thereon; that the borrower could not mortgage or otherwise encumber its assets; that the borrower could not borrow additional money or make any investment, advances or extensions of credit to any persons, firm or corporation and that the borrower might not merge or consolidate with any other corporation. The position taken by the defendant in this case is that the conditions and limitations thus imposed upon the borrower by the loan agreement take the instruments here involved out of the category of promissory notes and make them subject to tax as debentures by reason of Treasury Regulations 71 (1941 Ed.), promulgated under the Internal Revenue Code of 1939.[3]

The legislative history of the Congress in taxing promissory notes is carefully traced through the years by the Court of Appeals in the case of United States v. Ely & Walker Dry Goods Co., 8 Cir., 201 F.2d 584, 36 A.L.R.2d 969, which case deals with similar promissory notes. It was there pointed out that Congress has always placed bonds, debentures and certificates of indebtedness in a different category than promissory notes. The Court in that case points out that the Revenue Act of 1924 repealed the tax on promissory notes. From 1924 on no tax was levied upon promissory notes until the Court of Appeals for the Second Circuit in 1947 rendered its decision in the case of General Motors Acceptance Corporation v. Higgins, 161 F. 2d 593. After the General Motors decision the Commissioner started imposing the documentary stamp tax upon instruments of the character here involved, but the Internal Revenue Department by its own Regulations M.T. 32 (1948–21–12940) limited the application of Section 1801 of the Revenue Act to those instruments issued subsequent to May 14, 1947 which was the date of the General Motors decision and no attempt has been made to levy or collect the tax on any similar instruments issued prior to that date.

3. Treasury Regulations 71 (1941 ed.), promulgated under the Internal Revenue Code of 1939:

"Sec. 113.50. *Scope of Tax.*—Section 1801 imposes a tax upon the issue by any corporation of bonds, debentures, certificates of indebtedness, and all instruments, however termed, with interest coupons or in registered form and known generally as corporate securities. Every renewal of the above described instruments is taxable as a new issue.

"Sec. 113.55. *Issues Subject to Tax.* —Ordinarily, a corporate instrument styled a bond, debenture, or certificate of indebtedness is subject to the tax. How- ever, the taxability of an instrument is not determined by the name alone but depends upon all the circumstances, such as the name, form, and terms of the instrument, etc. Hence, an instrument, however designated, having all the essential characteristics of a bond, debenture, or certificate of indebtedness is taxable as such. Similarly, an instrument issued with interest coupons, or with provision for registration, and coming within the class known generally as corporate securities will be held subject to the tax regardless of the name by which it may be called."

The decision of the Commissioner to impose a tax on all similar instruments issued after the General Motors decision resulted in a substantial number of tax recovery suits, some courts holding the instruments taxable and other courts reaching the opposite conclusion.[4]

The uncertainty thus created by the divergent lower court decisions, some holding one way, some another, was put to rest by the recent decision of the Supreme Court in United States v. Leslie Salt Co., 350 U.S. 383, 76 S.Ct. 416. In that case the Court held that the promissory notes given by the borrower to two insurance companies pursuant to a loan agreement, containing many provisions and restrictions similar to those here involved, were not subject to the tax laid by Section 1801 of the Revenue Act. In that opinion the Court traces the administrative and legislative history of the statute as well as the rulings and regulations of the Internal Revenue Department in reaching the conclusion that instruments such as here involved are neither debentures nor certificates of indebtedness as defined and referred to in the statute.

This Court, therefore, holds that the three promissory notes here involved are not subject to stamp taxes under the statute and that Founders Incorporated is

entitled to recover the taxes paid thereon, with interest.

Appropriate Findings of Fact, Conclusions of Law and Order for Judgment and Judgment, consistent with the foregoing, will be filed and entered.

4. Decisions holding that the instruments similar to those here involved were subject to the tax are General Motors Acceptance Corp. v. Higgins, 2 Cir., 161 F.2d 593; Commercial Credit Co. v. Hofferbert, 4 Cir., 188 F.2d 574; S. S. Pierce Co. v. United States, D.C.D.Mass., 127 F.Supp. 396; H. Kobacker & Sons Co. v. United States, D.C.N.D.Ohio, 124 F. Supp. 211; General Motors Acceptance Corp. v. Higgins, D.C.S.D.N.Y., 120 F. Supp. 737; United States v. General Shoe Corp., D.C.M.D.Tenn., 117 F.Supp. 668; Gamble-Skogmo, Inc., v. Kelm, D.C. D.Minn., 112 F.Supp. 872; Sharon Steel Corp. v. United States, D.C.W.D.Pa., 4 P–H 1955 Fed.Tax Serv. Sec. 72,716; and Stuyvesant Town Corp. v. United States, 111 F.Supp. 243, 124 Ct.Cl. 686.

Decisions holding that similar instruments were not subject to the tax are Curtis Publishing Co. v. Smith, 3 Cir., 220 F.2d 748; Niles-Bement-Pond Co. v. Fitzpatrick, 2 Cir., 213 F.2d 305; United States v. Ely & Walker Dry Goods Co., 8 Cir., 201 F.2d 584, 36 A.L.R.2d 969; Allen v. Atlanta Metallic Casket Co., 5 Cir., 197 F.2d 460; Belden Mfg. Co. v. Jarecki, 7 Cir., 192 F.2d 211; Bijou Theatrical Enterprise Co. v. Menninger, D.C.E.D.Mich., 127 F.Supp. 16; Knudsen Creamery Co. of California v. United States, D.C.S.D.Cal., 121 F.Supp. 860; Shamrock Oil & Gas Co. v. Campbell, D.C.N.D.Tex., 107 F.Supp. 764; Follansbee Steel Corp. v. United States, D.C. W.D.Pa., 4 P–H 1955 Fed.Tax Serv. Sec. 72,715; United Air Lines, Inc. v. United States, D.C.N.D.Ill., 4 P–H 1955 Fed.Tax Serv. Sec. 72,567; and Motor Finance Corp. v. United States, D.C.D. N.J., 4 P–H 1954 Fed.Tax Serv. Sec. 72,706.